#### 6780

#### STATE *EX REL.* WELSH v. STATE BOARD OF CANVASSERS.

1. AN ELECTION will not be declared invalid for illegalities or irregularities which do not affect the result or render it doubtful.

2. IBID.—DISPENSARY.—COMMISSIONERS OF ELECTION for county and State officers are the proper officers to hold an election on question of dispensary or no dispensary under the Carey-Cothran Act.

3. VOTERS—REGISTRATION.—Certain persons registered prior to 1898, designated in the Constitution, may vote without their names appearing on the precinct books.

Petition in the original jurisdiction of this Court for writ of *certiorari* to the State Board of Canvassers by J. A. Welsh, R. H. Garland, S. A. McManus, W. H. Porter, E. N. Redfern, J. Sidney Smith, Smith Oliver and J. T. Jowers.

*Mr. W. P. Pollock,* for petitioners.    Oral argument.

*Messrs. E. D. Blakeney, Thomas J. Kirkland* and *M. L. Smith,* contra. *Mr. Blakeney* cites: *What petitioners should allege:* McCrary on Elections, Secs. 437, 439; Brightley Elec. Cases, 320; 95 S. C., 883; 52 S. E., 394; 7 Current L., 1252; 13 La., 175; 7 Ency. P. &. P., 385; 17 Or., 575; 23 L. W. R., 946; 30 Neb., 823; 46 Minn., 274. *Irregularities which do not affect the result or render it doubtful are not harmful:* Chev., 26; 78 S. C., 461; 20 S. C., 354; 29 L. R. A., 673; 16 L. R. A., 754; 58 Col., 198; 16 L. R. A., 755; 11 Mich., 362; 16 L. R. A., 780; 15 L. R. A., 780. *Acts of intimidation must be such as to deter a man of ordinary firmness:* 6 Ency., 363, 364. *Acquiescence in irregularity estops petitioners:* 31 Neb., 82; 91 Cal., 432; 11 L. R. A., 534.

*Mr. Kirkland* cites: *Burden of proof of invalidity is on contestant:* Paine on Elec., Sec. 736; McCrary on Elec., Sec. 479; 67 Hun., 169. *Effect of enough illegal votes to overcome majority:* 31 N. W., 550; 16 Mich., 283; 99 Mich., 558; 10 Ency., 770; McCrary on Elections, Secs. 495-7; 25 L. R. A., 325.

*Mr. M. L. Smith* cites: *Registration is not conclusive of right to vote:* McCrary on Elec., 545; 58 Cal., 198; 80 Md., 518. *Election officers can not question voters as to taking oath before Board of Registration:* Cox & Grady on Reg. & Elec., 227; Burbee on Elec., 74; 34 Conn., 454; 12 La. Ann., 129. *Act of Supervisor of Registration can not be reviewed by State Board of Canvassers:* Con., Art. III; Code of 1902, 180-7; 52 S. C., 298; 54 S. C., 29; Con., Art.

II, Sec. 5. *Failure of applicant for registration to take oath does not invalidate election:* McCrary on Elec., Secs, 135, 140; 38 Wis., 71; 51 Miss., 305; Paine on Elec., Secs. 130, 131, 366; 102 N. C., 465; 110 N. C., 232; 120 N. C., 426. *Failure of election officers to take oath does not invalidate election:* McCrary on Elec., 376; 2 Bart., 760.

March 2, 1908.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. This is a petition to this Court for a writ of *certiorari* to be directed to the State Board of Canvassers for the purpose of having the Court review the findings of said board in the contest of an election held in Chesterfield County on August the 13th, 1907, under the act of the General Assembly of February the 16th, 1907, commonly known as the Carey-Cothran Act.

The petition alleges many irregularities and illegalities, and it is sought to be shown that the whole election was so permeated by them that the result of the election was necessarily rendered doubtful. In this contention the contestants were sustained by the county board of canvassers, but on appeal to the State Board, the finding of the county board was reversed; the State Board holding that while there had been irregularities and illegalities, none of them violated any constitutional provision nor any legislative provision essential to a valid election, nor rendered the result of the election doubtful. Therefore the election was sustained.

Unless the result of an election is changed or rendered doubtful it will not be set aside on account of mere irregularities or illegalities. *Wright* v. *Board of Canvassers,* 76 S. C., 574; *Birchmore* v. *Canvassers,* 78 S. C., 461, 59 S. E., 146. It is likewise well settled that as to findings of fact, the State Board of Canvassers is a tribunal of last resort. *Ex parte Whipper,* 32 S. C., 5, 10 S. E., 579. Therefore, unless we are able to discover error in their conclusions of law, the petition must be dismissed.

We consider first the question as to whether or not the board of commissioners of election for State and county officers could properly hold the election. The only possible determination of the question seems so clear that it seems a waste of time to consider it. It will be observed that the statute creating the two boards of commissioners makes them absolutely separate. Each is given power to appoint managers and exercise such other provisionary duties as necessarily devolve upon them. It would be just as reasonable for the protestants to contend that a county or State officer could not be elected without the participation of commissioners of election of congressmen or other federal officers.

It is next urged that there was in the county a large number of persons whose names appeared upon the registration books and to whom registration certificates had been issued by the registration officers without compliance with law, that probably a large number of such voters voted in the election here being contested. The State Board found, as a matter of fact, that there was no showing that any such votes were cast in the election. Therefore, it would be merely a speculative question for this Court to determine the effect of ballots cast by such registered persons.

Again, it is contended that one hundred and fifty-two persons were permitted to vote whose names did not appear upon the precinct books and that these votes are necessarily invalid. The State Board found, however, that there was no showing to the contrary and as the law permits certain person to vote without their names being on the precinct books, namely, persons registered prior to 1898, then the law must be presumed to have been complied with. The ballots were, therefore, held valid. The board, however, went further and demonstrated the fact that even if it be conceded that this entire number of ballots was illegal, the result of the election would not be changed or even rendered doubtful.

Likewise with all of the alleged illegalities. None of them being such as to *ipso facto* render the election void, we do not deem it necessary to review them *seriatim*. Suffice it to say that there has been a legal election, that the will of the body of citizens has been legally and emphatically expressed, and therefore this Court will not disturb the election.

It is the judgment of this Court, that the motion be denied and the petition dismissed.

MR. JUSTICE WOODS *concurs in the result.*