13502

YOUNG v. SAPP *ET AL.*

(166 S. E., 354)

*Mr. C. T. Graydon,* for petitioner,

*Mr. Mendel L. Smith,* for respondent.

November 2, 1932.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

At the instance of the petitioner, John A. Young, this Court, by writ of *certiorari,* in its original jurisdiction, has been called upon to review the action of the State Democratic Executive Committee in declaring C. C. Pate the Democratic nominee for the office of magistrate in the eastern district of Buffalo township, Kershaw County, in the Democratic primary election held August 30, 1932.

In obedience to the writ, Honorable Claud N. Sapp, Chairman of the State Democratic Executive Committee, has certified to the Court the record upon which the State Democratic Committee acted and the proceedings before that committee. Mr. Pate, declared the nominee by the state committee, made return in this Court, and was represented by counsel.

In 1924, the General Assembly enacted a law relating to magisterial districts in Buffalo township of Kershaw County (see 33 Stats. 1721). That act is contained in Section 3772 of the Code of 1932. The provisions are as follows:

"There shall be two magisterial districts in Buffalo Township, of Kershaw County. The office now held by B. F. Roberts in said township is hereby abolished, to take effect at the expiration of his present term of office. The division of Buffalo Township into the two magisterial districts herein provided for shall be as follows:

"(a) One magisterial district to be known as the eastern district of Buffalo Township, to embrace the territory included in the following voting precincts, Raleys Mill, Shamrock, Bethune and Sandy Grove. The voters voting at these precincts to elect a magistrate for the said eastern district.

"(b) A second magisterial district to be known as the western district of Buffalo Township, to embrace the territory not herein specifically allocated to the eastern district, the voters voting at the precincts in Buffalo Township other than those named as being in the eastern district shall elect the magistrate for the western district of Buffalo Township. Each magistrate and each constable for each of these two districts of Buffalo Township, Kershaw County shall receive a salary of Four Hundred ($400.00) Dollars per annum. The magistrate for each of the two districts herein designated shall reside in his respective district."

In the Democratic primary election of 1932, the petitioner, Young, and the respondent Pate were the only candidates for the Democratic nomination for magistrate in the eastern district of Buffalo township.

The primary election for the office of magistrate of the eastern district of Buffalo township was held at the following primary precincts or clubs: Raleys Mill, Shamrock, Bethune, Sandy Grove, Lockhart, and Cassatt. The last two, Lockhart and Cassatt, it will be noted, were not mentioned in the statute. Lockhart precinct is located within the eastern district of Buffalo township, but some of the voters there do not live in the said district. Cassatt is a precinct near the line of eastern Buffalo district and De Kalb township, and voters there live in both Buffalo and De Kalb

townships. The holding of the election for magistrate in the Democratic primary at the six precincts named has been the custom for several elections, and has had the approval and the sanction of the County Democratic Executive Committee. In the newspaper notice as to the holding of the election, the committee published the following instructions: "At Precincts where Voters from more than one Township cast their ballot the Voters will give the Managers the name of the Township in which they reside and the Managers will write the name of such Township on the poll list next to the Voter's name."

Raleys Mill, Shamrock, and Bethune, mentioned in the statute, are both general election precincts and primary precincts. Cassatt, not mentioned in the statute, is also a general election and a primary precinct. Sandy Grove, mentioned in the statute, is a primary precinct, but not a general election voting place. Lockhart, not mentioned in the statute, is a primary precinct, but not a general election voting place.

The return of the county committee to the state committee shows that the result in all six precincts was a vote of 356 for Pate and 351 for Young. The figures submitted by the petitioner for these six precincts, which seem not to be controverted by the respondent, show a vote of 352 for Pate and 351 for Young. Regardless of the difference, however, it appears conceded that in the six precincts, Pate received a majority either of one or five.

According to the figures submitted by the petitioner, and apparently not controverted by the respondent, at the two precincts of Lockhart and Cassatt, Pate received 49 votes and Young received 22 votes. The total vote cast at these two precincts was 71.

At the other four precincts, Bethune, Raleys Mill, Sandy Grove, and Shamrock, the vote was 303 for Pate and 329 for Young.

If the election should have been confined to the four precincts named in the statute, Raleys Mill, Shamrock, Beth-

une, and Sandy Grove, then clearly Young was the victor, since his majority in those four precincts was 26. If it was proper that the votes cast in the magistrate's race at Lockhart and Cassatt precincts be counted, then Pate was the winner by either a majority of one or five.

When the County Executive Committee met to declare the result of the primary election, the results for the six precincts were tabulated, showing Pate's election. The attention of the committee was called to the Act of 1924 (Section 3772 of the Code), and thereupon the committee decided not to include in the official count the vote recived by Young and Pate at Cassatt and Lockhart precincts, and, accordingly, declared Young the nominee of the Democratic party for magistrate.

Pate protested the declaration in favor of Young, and the matter was carried to the State Democratic Executive Committee. That committee set aside the action of the county committee and declared Pate the nominee. The reasons for the action of the state committee were not given in the return filed in this Court.

The respondent Pate, in his return, submits to the Court that the action of the State Democratic Executive Committee should be sustained for the reasons that the primary election was conducted in accordance with the long recognized customary method of voting, under the sanction of the County Executive Committee, with which the petitioner, the respondent, the county committee, and the voters were thoroughly familiar, in which the petitioner acquiesced and participated; that there was no protest or challenge of any of the votes cast at Lockhart and Cassatt precincts; that there has been no charge of fraud, unfairness, or bad faith; that the voters at Lockhart and Cassatt, who cast their votes for magistrate in the race between Young and Pate, were residents of the magisterial district and entitled to vote in the election, under the rules of the Democratic party; that the petitioner is estopped from now questioning the

manner in which the election was conducted, and the election in which the respondent was the winner should be sustained.

Our review of the action of the State Democratic Executive Committee must be confined to the correction of errors of law only, and does not extend to the findings of fact, except when the findings of fact are wholly unsupported by evidence. *State ex rel. Davis v. State Board of Canvassers,* 86 S. C., 451, 68 S. E., 676; *Ex parte Riggs,* 52 S. C., 298, 29 S. E., 645; *Welsh v. Board,* 79 S. C., 246, 60 S. E., 699; *Hyde v. Logan,* 113 S. C., 64, 101 S. E., 41; *Jennings v. McCown,* 97 S. C., 484, 81 S. E., 963.

The Act of 1924 is far from being clear, but we think we may construe its language to give effect to the legislative intent. In construing its provisions, we must assume that the General Assembly intended to pass a law which would not be in conflict with the provisions of the Constitution of the state. By Section 20 of Article 5 of that instrument, it is provided that magistrates are to be appointed by the Governor, by and with the advice and consent of the Senate. Clearly, therefore, the office of magistrate is not one to be filled by an election of the people, as such elections are usually contemplated in the Constitution. With that constitutional provision confronting it, the legislative body surely did not intend to provide for an election, at general election voting precincts, of the magistrates for Buffalo township, in Kershaw County. So far as the record here and the arguments of the counsel show, there has been no contention anywhere that the General Assembly intended that the election should be held at general election precincts. The fact that one of the voting precincts, Sandy Grove, mentioned in the statute, is not a general election precinct, and it and the other three precincts named in the law are primary precincts, support the conclusion that it was the intention that the election should be held at the primary precincts named in the Act and not at general election voting places.

This Court will, of course, take judicial notice of the fact that, under the primary election laws (Section 2365, Code 1932), and from the well-known history of our primary elections, the Democratic party, the only party accustomed to holding primary elections at the instance of the respective county committees of the party, has, for many years, held primary elections for the nomination of candidates for the office of magistrate. By Section 10 of Article 2 of the Constitution, the General Assembly is not only authorized but is directed to "provide by law for the regulation of party primary elections." The nominations for magistrates do not conflict with any provision of our Constitution, so far as we are advised, but they appear to be in conformity with the constitutional provisions. As a matter of fact and of law, the nomination of a candidate for magistrate by the Democratic party, or any other party, is simply a suggestion to the Governor of the State of a suitable person to be appointed by him as magistrate. As a member of the Democratic party, the Governor, if he is a member of that party, may be morally bound to recognize the suggestion of his fellow Democrats, but, under the provisions of the Constitution of the State, the Governor may ignore such recommendation, and make such appointment as he thinks fit and proper, subject to confirmation by the Senate.

It seems proper, therefore, for us to construe the Act of 1924, now Section 3772 of the Code, as providing, first, for the appointment by the Governor of two magistrates in Buffalo township of Kershaw County; one of the magistrates to be appointed for the eastern district, and the other for the western district; and that the provisions as to the election of the magistrates are amendatory of the general primary election laws in this respect; if the county committee orders a primary election for a magistrate for the eastern district of Buffalo township, the primary is to be held at the four primary voting precincts named in the Act,

to wit, Raleys Mill, Shamrock, Bethune, and Sandy Grove. The magistrate for the western district is to be nominated in a primary election by the "voters voting at the precincts in Buffalo Township other than those named as being in the eastern district." The word "election" in the statute may well be regarded as "nomination" for the two words are commonly used interchangeably and synonymously.

Yielding to the provisions of the statute law, which, of course, are of higher authority than any act of the County Democratic Executive Committee of Kershaw County, it necessarily follows that the election for magistrate for the eastern district of Buffalo township in the Democratic primary election should have been confined to the four precincts named in the Act. The action of the county committee, therefore, in refusing to include in the count in the election for magistrate the votes cast at Cassatt and Lockhart precincts was proper under the statutory provisions, and the state committee committed an error of law in reversing the action of the county committee.

The situation disclosed here may be unfortunate. It illustrates forcibly a supposed evil complained of by so many of our citizens, of having the General Assembly to enact local laws at the instance only of a county legislative delegation. On the record before us, we are bound to follow the statute, the constitutionality of which has been in no way attacked.

The judgment of this Court is that the action of the State Democratic Executive Committee in declaring the respondent C. C. Pate nominee of the Democratic party for the office of magistrate in the eastern magisterial district of Buffalo township, in Kershaw County, be, and the same is hereby, reversed; and the action of the County Democratic Executive Committee of Kershaw County in declaring the petitioner, John A. Young, as the nominee of the Democratic party for the said office, be, and the same is hereby, confirmed.

MESSRS. JUSTICES STABLER, CARTER, and BONHAM, and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.