14860

WESTON v. WILLIAMS *ET AL.*

(2 S. E. (2d), 381)

Messrs. *James Hopkins* and *W. Stokes Houck,* for petitioner.

Messrs. *D. M. Winters* and *C. T. Graydon,* for respondents.

April 7, 1939.

The opinion of the Court was delivered by MR. M. M. MANN, ACTING ASSOCIATE JUSTICE.

This matter comes before this Court on an order for a writ of *certiorari,* issued upon petitioner's request, by Chief Justice Stabler. The petition was presented to the Chief Justice on the 24th of February, 1939, and the order bears an even date. By the provisions of this order, respondents were required to certify and return to this Court "all proceedings had before the Richland County Democratic Executive Committee and the Democratic Executive Committee of the State of South Carolina, relating to the contest between petitioner and the respondent, F. E. Williams, over the election of magistrate in the 1938 First Democratic Primary Election for the office of magistrate of Gadsden Magisterial District in Richland County. * * * "

114

In the Democratic primary for 1938, held on the 30th day of August, petitioner and respondent were candidates for the Democratic nomination ("suggestion to the Governor" for appointment, *Young v. Sapp,* 167 S. C., 364, 166 S. E., 354), for magistrate in Gadsden Magisterial District in Richland County. Petitioner, having challenged a number of votes, and such challenge having been heard, considered and resolved against petitioner, in due course by both the County and State Democratic Executive Committees, petitioner now seeks to have this Court review the decision of the State Democratic Executive Committee.

Respondent moves to quash the order and writ of *certiorari* on three grounds, the third of which charges petitioner with laches in the prosecution of his claim. This ground commands serious consideration.

This Court will not exhaust its patience in indulging a litigant in his persistent or even prolonged efforts to protect his interests, so long as it can be made to appear that his efforts have been exerted with a reasonable degree of alertness commensurate with the circumstances.

But the public interest must also be kept in mind and where it appears that an indulgence infringes upon the public weal, public policy demands that one seeking the grace of the Court must come within a reasonable time or with a reasonable excuse for seeming delay or else suffer the consequences.

Keeping in mind that a magistrate obtains his title to office not by nomination in a Democratic primary but by appointment by the Governor and confirmation by the Senate and that the primary is the chosen method of suggesting (*Young v. Sapp, supra*), to the Governor for appointment, it necessarily follows as matter of public interest that one claiming the right to appointment through such a channel of suggestion is under an obligation to proceed with reasonable diligence.

Under the well-ordered procedure, the required confirmation by the Senate can be had only when the Senate is in session, and not until the name of the Governor's appointee has been duly transmitted for consideration. If the Governor chooses to honor the suggestion made by the electorate in the primary, naturally he will not transmit the name of the appointee until proper advice from the primary election authorities. Undue delay or dilatoriness on the part of one claiming the right to appointment through the channel of Democratic primary suggestion could, it will readily be observed, defeat the privilege of the Governor to transmit the name of his appointee, and, of course, deprive the residents of the magisterial district involved of the services of a judicial officer whom the Constitution has designated as necessary. Such a course with its attendant results would clearly contravene the Constitutional grant and greatly hamper the public interest.

The primary election out of which this controversy arises was held more than six months prior to the date of the application for the writ of *certiorari*. No reasonable excuse has been offered for such delay.

More than four months elapsed between the date of the primary election and the convening of the Senate. The Court takes judicial notice of the fact that the Senate has been in regular session for more than two months. The application for the writ of *certiorari* was not even applied for until February 24th, more than six weeks after the Senate convened.

In the light of the foregoing facts we cannot escape the conclusion that such a delay on the part of petitioner to prosecute his alleged claims is unreasonable and without excuse, and that public policy demands that he should not at this late day be heard to complain.

The order for the writ of *certiorari* is quashed and the petition dismissed.

Mr. Chief Justice Stabler and Messrs. Justices Bonham, Baker and Fishburne concur.

Mr. Justice Carter did not participate on account of illness.