14927

CORN *ET AL.* v. BLACKWELL *ET AL.*

(4 S. E. (2d), 254)

April, 1939.

*Messrs. J. Davis Kerr* and *Osborne, Butler & Moore,* for petitioners.

*Mr. R. B. Pasley,* for respondents,

July 31, 1939.

The opinion of the Court was delivered by MR. E. C. DENNIS, ACTING ASSOCIATE JUSTICE.

This matter comes before the Court upon a writ of certiorari.

An election for school trustees was held in Saxon School District No. 70, Spartanburg County, on March 24, 1939. Three trustees were to be elected.

The County Board of Canvassers for Spartanburg County met on March 28, 1939, to canvass the election and pass upon any contest or protest. At this meeting the defeated candidates and B. F. Mills, a qualified elector in behalf of himself and others similarly situated, filed a written contest and protest of the election. On April 3, 1939, two of the County Board of Canvassers, being a majority thereof, filed an order declaring the election null and void. Before the hearing of this contest by the County Board of Canvassers, objection was made to J. L. Brooks, chairman of the board, sitting as a member for the reason that he was antagonistic in that he had taken an active part on behalf of those contesting the election. Mr. Brooks was clearly disqualified and should not have taken any part in the hearing.

From the decision of the County Board of Canvassers, declaring the election void, an appeal was taken to the State Board of Canvassers, who heard the appeal on April 13, 1939, and on April 18, handed down its decision whereby it reversed the decision of the County Board of Canvassers and declared Easler, Holmes, and Trammell duly elected trustees for Saxon School District No. 70.

Before going into the details of this contest, we will state the law which is applicable to the facts in this case. The Constitution of South Carolina provides: "All elections by the people shall be by ballot, and elections shall never be held or the ballots counted in secret." Article II, Section 1.

This Court has held that the secrecy of the ballot is absolutely essential.

"Unless the result of an election is changed or rendered doubtful, it will not be set aside on account of mere irregularities or illegalities." *State ex rel.*

*Welsh v. State Board of Canvassers,* 79 S. C., 246, 248, 60 S. E., 699, 700.

■ "Every reasonable presumption will be indulged in to sustain an election." Syllabus in S. C. Reports, *Davis v. Town of Saluda,* 147 S. C., 498, 499, 145 S. E., 412.

"Errors which do not appear to have affected the result will not be allowed to overturn an election, and every reasonable presumption will be indulged to sustain it." Syllabus in S. C. Reports, *Hyde v. Logan,* 113 S. C., 64, 101 S. E., 41. See, also, *Callison v. Peeples,* 102 S. C., 256, 86 S. E., 635, Ann. Cas., 1917-E., 469.

The protest and contest of this election before the County Board of Canvassers charged fraud, intimidation, and undue influence on the part of the friends and supporters of the three candidates who received an overwhelming majority of the votes.

The State Board of Canvassers did not pass in detail upon the exceptions on appeal to it.

We have read and re-read all of the testimony taken in this case and we do not find any evidence at all to support the charge of fraud, undue influence, or of any improper conduct on the part of anyone connected with this election or interested in it in any way and there is no basis in fact for these charges.

■ Purely by inadvertence all of the tickets used in this election were printed and numbered regularly from number "one" on up to hundreds. This number was not perforated so that it could be torn from the ticket and all but a few of the tickets voted had the numbers on them which corresponded to the numbers opposite the name of the voter, so that it was easy to determine how each man voted. This destroyed the legality of these votes as it violated the secrecy of the ballot, and therefore they should be rejected.

A few of the votes, probably fifteen or sixteen in number, were not voted with the number on them.

That is to say, these votes had the numbers torn off and no number or identification mark was on these votes by which it could be determined who voted them, but the stubs were also placed in the ballot box with the ballots and it is easy to identify each of these ballots by comparing the stubs and ballots and thereby determine who voted each of these ballots. This destroyed the legality of these votes as it violated the secrecy of the ballot and therefore they should be rejected. There being no legal votes cast, there was no election.

The order of the State Board of Canvassers declaring J. C. Easler, E. E. Holmes and W. C. Trammell duly elected trustees of this school district is reversed and the attempted election is declared to be null and void.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.