546 S.E.2d 649

**William BLAIR, Appellant,**

**v.**

**The CITY OF MANNING, a body politic and corporate organized and existing under the laws of the State of South Carolina, Respondent.**

No. 25289.

Supreme Court of South Carolina.

Heard April 25, 2001.
Decided May 14, 2001.

142

M.M. Weinberg, III, of Weinberg, Brown and Curtis, Sumter, for appellant.

Lena Younts, of Coffey and Chandler, P.A., Manning, for respondent.

WALLER, Justice:

This is an election protest case in which the Manning Election Commission certified Hezekiah Gibson as the winner of the District One City Council seat. Appellant William Blair appealed to the Circuit Court which affirmed. We affirm the ruling of the Circuit Court.

## FACTS

Blair lost the District One City Council election to the incumbent Gibson by three votes. He filed a protest with the Election Commission two days later, contending Gibson did not live in District One and that residency in the District was required to be elected. A hearing was held at which both Blair and Gibson testified. Blair introduced 15 photographs of a residence at **16–A Ragin Street** and contended it was "supposed to be [Gibson's] residence." Blair believed the residence was not in District One, but presented no evidence to substantiate this claim.

Gibson testified that his residence was at 909 Branchview Drive in District One, that 909 Branchview Drive was his permanent residence, he had lived there for 20 years, that he was going through a divorce and had rented a place at **19–A Ragin Street**[1] which was in the District, and that he fully intended to live in the District. The Commission ruled Gibson was a resident of District One and a qualified candidate to serve District One on the City Council.

---

1. There is no explanation in the record as to the discrepancy between the address introduced by Blair and the address given by Gibson.

Blair filed an appeal to the circuit court, requesting a *de novo* hearing pursuant to S.C.Code Ann. § 7–5–240 (1976). The circuit court ruled section 7–5–240 was inapplicable to Blair's appeal; rather, the circuit court found S.C.Code Ann. § 5–15–140 (1976) governed appeals from decisions of the Municipal Election Commission.

## ISSUE

Did the circuit court err in refusing to hold a *de novo* hearing?

## DISCUSSION

█ S.C.Code Ann. § 7–5–240 (1976) governs appeals from decisions of the boards of voter registration, providing, in pertinent part:

**Any person denied registration or restoration of his name on the registration books** and desiring to appeal must within ten days after written notice to him of the decision of the board of registration file with the board a written notice of his intention to appeal therefrom.... If the applicant desires the appeal to be heard by a judge at chambers he shall give every member of the board of registration four days' written notice of the time and place of the hearing. On such appeal the **hearing** shall be de novo.

(Emphasis supplied). Under S.C.Code § 7–5–230 (Supp.2000), the boards of registration are the judges of the legal qualifications of all applicants for registration to vote, and any person denied registration has the right to appeal the board's decision to the circuit court; challenges of the qualifications of any elector, except for certain challenges not at issue here, must be made in writing **to the board of registration** in the county of registration.

Blair asserts the circuit court should have conducted a *de novo* trial under section 7–5–240. We disagree. Section 7–5–240 is simply inapplicable here. Blair was neither denied registration of his name on the books, nor did he challenge Gibson's qualifications in writing to the board of registration, as required by section 7–5–230. On the contrary, Blair appealed the decision of the municipal election commission.

144

Such appeals are governed by S.C.Code § 5–15–140 (1976) which provides, in part, "[w]ithin ten days after notice of the decision of the municipal election commission, any party aggrieved thereby may appeal from such decision to the court of common pleas."

In *Butler v. Town of Edgefield,* 328 S.C. 238, 493 S.E.2d 838 (1997), we held the circuit court lacks authority to conduct full hearings on election challenges because the circuit court is by statute an appellate court in such circumstances. Accordingly, pursuant to *Butler,* the circuit court properly declined a *de novo* hearing.

We hold the circuit court, sitting as an appellate court, properly affirmed the decision of the municipal election commission. *See Broadhurst v. City of Myrtle Beach,* 342 S.C. 373, 537 S.E.2d 543 (2000) (appellate court reviews judgment of circuit court upholding or overturning the decision of a municipal election commission only to correct errors of law; review does not extend to findings of fact unless those findings are wholly unsupported by the evidence); *George v. Municipal Election Comm'n of Charleston,* 335 S.C. 182, 516 S.E.2d 206 (1999) (same).

The judgment of the circuit court is

**AFFIRMED.**

TOAL, C.J., and MOORE, BURNETT and PLEICONES, JJ., concur.