668 S.E.2d 400

Irene E. ARMSTRONG, Respondent,

v.

ATLANTIC BEACH MUNICIPAL ELECTION COMMISSION
and Retha Pierce, Respondents,

of whom Retha Pierce is, Appellant.

Retha Pierce, Appellant,

v.

Atlantic Beach Mayoral Election of November 6, 2007, Election
Commission of the Town of Atlantic Beach and Irene
Armstrong, Respondents.

No. 26553.

Supreme Court of South Carolina.

Submitted Oct. 9, 2008.
Decided Oct. 10, 2008.

Irby E. Walker, Jr., of Conway, for Appellant.

Amanda A. Bailey and Jessica A. Stokes, of McNair Law Firm, of Myrtle Beach; and David James Canty, of Myrtle Beach, for Respondents.

PER CURIAM:

Irene Armstrong and Retha Pierce were candidates for mayor of Atlantic Beach. Pierce was certified the winner by a one vote margin. Armstrong filed a protest of the election, and the Atlantic Beach Municipal Election Commission ordered a new election. Both Armstrong and Pierce appealed the Commission's decision, and the appeals were consolidated before the circuit court. In affirming the decision of the Commission, the circuit court modified the decision to require a *de novo* election, with the filing period for candidates to be reopened.

Pierce has appealed the order of the circuit court. We affirm the decision of the circuit court upholding the Commission's decision to order a new election. However, we reverse the decision of the circuit court requiring a *de novo* election be held.

■ The record supports the finding that four voters were denied the right to vote despite the fact they met the residency requirement of S.C.Code Ann. § 7–5–610(3) (Supp.2007). Because Pierce won the election by one vote, this renders the result of the election doubtful and requires a new election. *Gecy v. Bagwell*, 372 S.C. 237, 642 S.E.2d 569 (2007); *Taylor v. Town of Atlantic Beach Election Comm'n*, 363 S.C. 8, 609

S.E.2d 500 (2005). Therefore, the circuit court judge properly affirmed the decision ordering a new election.

■ However, the circuit court judge improperly considered allegations of fraud as well as media reports of criminal charges not presented to the Commission in the election protest. *Taylor v. Town of Atlantic Beach Election Comm'n*, 363 S.C. 8, 609 S.E.2d 500 (2005) (the circuit court may not consider issues which were not raised to the Commission). After considering these facts, the circuit court judge indicated he was invoking the court's equitable powers and ordered the election be conducted *de novo* and the filing period for candidates be reopened.

The only relief the Commission may order is "a new election as to the parties concerned." S.C.Code Ann. § 5–15–130 (2004). The circuit court does not have the authority to order any further relief. Accordingly, the circuit court judge erred in ordering the reopening of the filing period for candidates for mayor. We, therefore, reverse that portion of the circuit court's order requiring a *de novo* election.

**AFFIRMED IN PART; REVERSED IN PART.**

TOAL, C.J., WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.