**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Michael Isom, Appellant,

v.

Town of Atlantic Beach Municipal Election Commission, Respondent.

Appellate Case No. 2023-000888

———————

Appeal from Horry County
Debra R. McCaslin, Circuit Court Judge

———————

Memorandum Opinion No. 2024-MO-004
Heard December 13, 2023 – Filed January 17, 2024

———————

**AFFIRMED**

———————

Kenneth Allen Davis, Tierney Felicia Goodwyn, and Charles J. Boykin, all of Boykin & Davis, LLC, of Columbia, for Appellant.

Joseph Daniel Dickey, Jr., Eugene Hamilton Matthews, Carmen Vaughn Ganjehsani, Benjamin Palmer Carlton, and Ashwin Ray Sanzgiri, all of Richardson Plowden & Robinson, PA, of Columbia, for Respondent.

———————

**PER CURIAM:** This election appeal concerns the voter and candidacy qualifications of John W. David, Jr., the winner of a special election for town council in the Town of Atlantic Beach, South Carolina. We affirm the circuit court's decision upholding the election pursuant to Rule 220(b)(1), SCACR, and the following authorities: S.C. Const. art. VI, § 1 ("No person may be popularly elected to and serve in any office in this State or its political subdivisions unless he possesses the qualifications of an elector . . . ."); S.C. Const. art. XVII, § 1 ("No person shall be elected or appointed to any office in this State unless he possesses the qualifications of an elector . . . ."); S.C. Const. art. II, § 5 ("Municipal electors shall possess the qualifications prescribed in this Constitution, but each such elector must have resided in the municipality in which he offers to vote for thirty days next preceding the election."); S.C. Code Ann. § 7-5-610 (2019) ("Every citizen of this State and of the United States . . . [w]ho has resided within the corporate limits of any incorporated municipality in this State for thirty days previous to any municipal election . . . is entitled to vote at all municipal elections of his municipality."); *Cole v. Town of Atl. Beach Election Comm'n*, 393 S.C. 264, 271, 712 S.E.2d 440, 444 (2011) ("In municipal election cases, this Court reviews the judgment of the circuit court upholding or overturning the decision of a municipal election commission only to correct errors of law."); *Taylor v. Town of Atl. Beach Election Comm'n*, 363 S.C. 8, 12, 609 S.E.2d 500, 502 (2005) ("Our review does not extend to findings of fact unless those findings are wholly unsupported by the evidence."); *Fielding v. South Carolina Election Comm'n*, 305 S.C. 313, 317, 408 S.E.2d 232, 234 (1991) ("Every reasonable presumption in favor of sustaining a contested election will be employed and irregularities or illegalities which do not appear to have affected the result of the election will not be allowed to overturn it."); *Trapp v. South Carolina Bd. of State Canvassers*, 273 S.C. 163, 169, 255 S.E.2d 670, 673 (1979) (holding that where evidence presented in an election challenge hearing allows for two reasonable inferences, one of which would invalidate the election, and the second of which would sustain the election, "the choice between the two inferences must be made in favor of the validity of the contested election").

**AFFIRMED.**

**BEATTY, C.J., KITTREDGE, FEW, JAMES and HILL, JJ., concur.**